1  The Law Office of Justin T. Ryan
   Justin Ryan, Esq. CSB # 261672
2  2534 State Street, Suite 404
   San Diego, CA 92101
3  (619) 822-2533
   (619) 923-2543 e-fax.
4  Attorney. Justin. Ryan @gmail. com
   Attorney for Plaintiff
5  HERITAGE  PACIFIC  FINANCIAL, LLC  d/b/a  HERITAGE  PACIFIC
6  FINANCIAL

7

8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  HERITAGE  PACIFIC  FINANCIAL,      Case No. **CV10  0394  PSG** (JEMx)
    LLC D/B/A HERITAGE PACIFIC
14  FINANCIAL,     a    Texas    Limited
    Liability Company,                  COMPLAINT FOR DAMAGES,
15             Plaintiff,                SPECIFIC PERFORMANCE, AND
                                         OTHER EQUITABLE RELIEF
16             v.

17  GREG COLE; RONALD CLACK;            1. Breach of Contract
18  ISSAC   MARTINEZ;   GERMAN          2. Intentional Misrepresentation
    SAMAYOA;  CARLOS  TURCIOS;          3. Negligent Misrepresentation
19  VARIAN   SHELTON;   JACINTO
20  AYALA; MARY JEAN CASTRO;
    ESPERANZA DOMINGUEZ; PAUL
21  BROWN, JR; SHARON  BROWN;
22  KAREN  MORALES;   AMADO
    HERNANDEZ;  NICOL  MARINA
23  VILLA; SEAN DOYLE;  RICARDO
24  AGUILAR; HECTOR HERNANDEZ;
    JESSICA   GONZALEZ;   OMAR
25  PERKINS; ALEJANDRO JIMENEZ;
26  ENDY   ARTEAGA;   OSCAR
    VILLATORO;        PATRICIA
27  MARTINEZ;         NORMA
28

                              1

MALDONADO;      MARCELINO
MONGE ALAS; CARLOS SANTOS;
CHRISTINA   KUTZER;   FABRICIO
ALFARO; ANA AGUILAR; MARIA
CHACON;   MATTHEW   ALFANO;
SABINA   MENDEZ   CHAVARRIA;
ROSA      BARRIOS;      BEATRICE
RINCON;      ALMA      FIGUEROA;
FLORIE         ANN         SANTONIL;
GUADLUPLE            MORENO;
ALUTHNUWARA SUMANATISSA;
SALATIEL   MONTOYA;   DIONISIO
VAZQUEZ;      JAVIER      LOPEZ;
GLORIA      CAMPA;      PRISCILLA
FRANCO; JOHN FRANCO; MIGUEL
BAIRES; VICKIE DAVIS; ROBERT
MARTIN;   AMANDA   MARTIN;
ELCIDA      POLANCO;      OSCAR
RAMIREZ;   JENNIFER   PARK;
KAEKO SAEKI; NOEL ABRAHAM;
JENNIFER      VALDEZ;      JULIO
SANCHEZ

Defendants.

COMES NOW PLAINTIFF, HERITAGE PACIFIC FINANCIAL, LLC

D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company,

that alleges damages, specific performance, and seeks equitable relief against the

Defendants, and each of them, as follows:

## JURISDICTION & VENUE

2

1        1.     This Court has jurisdiction over the lawsuit under 28 U.S.C. §

2    1332, because Plaintiff and Defendants are citizens of different states and the

3    amount in damages that Plaintiff seeks to recover from each Defendant exceeds

4    $75,000.00.  Venue is conferred as the property is located and all transactions took

5    place and all parties reside within the boundaries of the United States District

6    Court for the Central District of California.

7    PARTIES

8        2.     Plaintiff HERITAGE PACIFIC FINANCIAL, LLC D/B/A

9    HERITAGE PACIFIC FINANCIAL (hereinafter "Plaintiff" or "HPF") is a limited

10   liability company organized under the laws of the State of Texas with its principal

11   balance of business in Dallas County, Texas.

12       3.     Plaintiff is informed, believes, and thereon alleges that

13   Defendants, individually named and collectively hereinafter referred to as

14   "Defendants," are individuals residing at their respective residences noted below:

15       a.     DEFENDANT GREG COLE residing at 10450 Wilshire Blvd

16   #9E, Westwood, CA 90024.

17       b.     DEFENDANT RONALD CLACK residing at 40144 Villa

18   Valencia, Temecula, CA 92591.

19       c.     DEFENDANT ISSAC MARTINEZ residing at 31718 Canyon

20   Ridge Drive, Lake Elsinore, CA 92532.

21       d.     DEFENDANT GERMAN SAMAYOA residing at 321 Jennifer

22   Trail, Blythe, CA 92225.

23       e.     DEFENDANT CARLOS TURCIOS residing at 9608 Dearborn

24   Avenue, South Gate, CA 90280.

25       f.     DEFENDANT VARIAN SHELTON residing at 18903 Billings

26   Avenue, Carson, CA 90746.

27

28

3

g.      DEFENDANT JACINTO AYALA residing within the borders of the United States District Court for the Central District of California.

h.      DEFENDANT MARY JEAN CASTRO residing at 243 Hoover Street, Apt. 4, Los Angeles, CA 90004.

i.      DEFENDANT ESPERANZA DOMINGUEZ residing at 2415 Etiwanda Avenue, San Bernardino, CA 92410.

j.      DEFENDANTS PAUL BROWN JR. and SHARON BROWN residing at 1706 West Townsend Street, Rialto, CA 92377.

k.      DEFENDANT KAREN MORALES residing at 2375 Norht Valencia Avenue, San Bernardino, CA 92404

l.      DEFENDANTS AMADO HERNANDEZ and NICOL MARINA VILLA residing at , residing at 622 Joyce Drive, Port Hueneme, CA 93041.

m.      DEFENDANT SEAN DOYLE residing within the borders of the United States District for the Central District of California.

n.      DEFENDANT RICARDO AGUILAR residing at 962 Bollinger Canyon, Moraga, CA 94556.

o.      DEFENDANT HECTOR HERNANDEZ who owned real property at 16340 E. Benbow St., Covina, CA 91722.

p.      DEFENDANT JESSICA GONZALEZ residing at 8215 Buhman Avenue, Pico Rivera, CA 90660.

q.      DEFENDANT OMAR PERKINS residing at 2035 East Highland Avenue, San Bernardino, CA 92404.

r.      DEFENDANT ALEJANDRO JIMENEZ residing at 5518 Geer Street, Los Angeles, CA 90016.

s.      DEFENDANT ENDY ARTEAGA residing at 8156 Gardendale Street, Paramount, CA 90723.

t.       DEFENDANT OSCAR VILLATORO residing at 7151 Lankershim Blvd, North Hollywood, CA 91605.

u.       DEFENDANT PATRICIA MARTINEZ residing at or near 9891 Irvine Center Drive, #200, Irvine, CA 92618.

v.       DEFENDANT NORMA MALDONADO residing at 1930 Dauthy, Riverside, CA 92508.

w.       DEFENDANT MARCELINO MONGE ALAS residing at 17925 Dianthus Avenue, Fontana, CA 92335.

x.       DEFENDANT CARLOS SANTOS residing at 195 East Olive Street, San Bernardino, CA 92410.

y.       DEFENDANT CHRISTINA KUTZER residing at 4359 Beulah Drive, La Canada Flintridge, CA 91011.

z.       DEFENDANT FABRICIO ALFARO residing at 6505 Rosemead Blvd #101, Pico Rivera, CA 90660.

aa.      DEFENDANT ANA AGUILAR residing at 3038 Pleasant Street, Riverside, CA 92507.

bb.      DEFENDANT MARIA CHACON residing at 8223 Crafton Avenue, Cudahy, CA 90201.

cc.      DEFENDANT MATTHEW ALFANO residing at 2506 Savannah Way, Palm Springs, CA 92262.

dd.      DEFENDANT SABINA MENDEZ CHAVARRIA residing at 3622 Griffith Avenue, Los Angeles, CA 90011.

ee.      DEFENDANT ROSA BARRIOS residing at 600 Imogen Avenue # 102, Los Angeles, CA 90026.

ff.      DEFENDANT BEATRICE RINCON residing at or near 1727 W. Avenue K, Lancaster, CA 93534.

gg.     DEFENDANT ALMA FIGUEROA residing at or near 225 North Hill Street, Room 130, Los Angeles, CA 90012.

hh.     DEFEDANT FLORIE ANN SANTONIL residing at 38 Lakeside, Buena Park, CA 90621

ii.     DEFENDANT GUADALUPLE MORENO residing at 17031 California Avenue, Bellflower, CA 90706.

jj.     DEFENDANT ALUTHNUWARA SUMANATHISSA residing at 398 Giano Avenue, La Puente, CA 91744.

kk.     DEFENDANT SALATIEL MONTOYA residing at or near 18231 Irvine Blvd, Ste 100, Tustin, CA 97280.

ll.     DEFENDANT DIONISIO VAZQUEZ residing at 901 E. 233rd Street, Carson, CA 90745.

mm.     DEFENDANTS JAVIER LOPEZ and GLORIA CAMPA residing at 9767 Sanford Bridge Road, Downey, CA 90240.

nn.     DEFENDANTS PRISCILLA FRANCO and JOHN FRANCO residing at or near 19425 B Soledad Canyon Road # 165, Santa Clarita, CA 91351.

oo.     DEFENDANT MIGUEL BAIRES residing at 2227 S. Marvin Avenue # 4, Los Angeles, CA 90016.

pp.     DEFENDANT VICKIE DAVIS residing at 3883 W. Century Blvd, Inglewood, CA 90303.

qq.     DEFENDANTS ROBERT MARTIN and AMANDA MARTIN who reside with the borders of the United States District Court for the Central District of California and where they owned property in such district.

rr.     DEFENDANT ELCIDA POLANCO residing at 12100 Sheldon Street, Apt. 205, Sun Valley, CA 91352.

ss.     DEFENDANT OSCAR RAMIREZ residing at 68246 Calle Cerrito, Desert Hot Springs, CA 92240.

6

1    tt.    DEFENDANT JENNIFER PARK residing in or near Los Angeles,
2  CA within the borders of the United States District Court for the Central District of
3  California.

4    uu.    DEFENDANT KAEKO SAEKI residing at 28713 Covecrest
5  Drive, Rancho Palos Verdes, CA 90275.

6    vv.    DEFENDANT NOEL ABRAHAM residing at 1970 S. Garth
7  Avenue #14, Los Angeles, CA 90034.

8    ww.    DEFENDANT JENNIFER VALDEZ residing at 1545 Date Palm
9  Drive, Palmdale, CA 93551.

10   xx.    DEFENDANT JULIO SANCHEZ residing at 12039 Klingerman
11 Street, El Monte, CA 91732.

## PRELIMINARY ALLEGATIONS

12

13   4.    At all times relevant herein, Plaintiff is the owner of the mortgage
14 notes for the Defendants.

15   5.    Plaintiff is informed and believes, and thereon alleges that
16 Defendants are now, and were at all times mentioned in this Complaint, individuals
17 residing in the State of California.  At all times relevant to this suit, Defendants
18 owned real property within the State of California and/or reside in California.

19   6.    Plaintiff is informed and believes, and thereon alleges, Defendants
20 in each of their loan transactions actively devised and executed a scheme to
21 prepare, submit and close fraudulent interstate real estate financing transactions
22 with financial institutions among the intended victims of their criminal acts in
23 violation of 18 U.S.C. §§ 1343-44.

24   7.    Defendants committed the acts, caused or directed others to
25 commit the acts and/or omissions, or instructed, authorized, permitted, encouraged,
26 facilitated, assisted and/or ratified the acts and/or omissions of their agents.

27

28

Defendants knew or realized their agents were engaging in or planned to engage in violations of civil and criminal law in this Complaint.

## STATEMENT OF FACTS

8.      As detailed below in this Complaint, each Defendant sought to purchase or refinance real property in the State of California or reside in California.

9.      In an effort to obtain funds to purchase their properties, Defendants applied for and obtained loans and completed, or caused to have completed on their behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which the Defendants executed and signed.

10.      On each Uniform Residential Loan Application, each Defendant certified the accuracy of the information contained therein and consented to the verification and re-verification of the information contained therein.

11.      Among the information provided and certified by Defendants in their Uniform Residential Loan Application, the Plaintiffs were required to certify information regarding their current employer, statements of their gross monthly income, and to certify that they intended to use the loan proceeds to purchase real property which Defendants intended to use as their primary residence.

12.      In furtherance of their effort, because Defendants knew that their then-current income was insufficient to support the approval of the loan and/or in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes, and thereon alleges that the Defendants:

a)      Provided, prepared, caused to be prepared, false loan applications, which misstated their employment, income and/or intended use of the property as a primary residence; and

8

b)      Certified false loan applications, which misstated their employment, income and/or intended use of the property as a primary residence; and

c)      Caused their agents to submit to lenders false loan applications and other loan related documents.

13.     Plaintiff is informed, believes, and thereon alleges that Defendants directed, instructed, and cause to have transmitted their false loan application and supporting documentation to lenders even though Defendants knew the information in the loan application and supporting documentation were false in material respects.

14.     Lenders did not know, and had no reason to know, that the information and documentation provided by Defendants in and in conjunction with their loan applications was false, and in reliance on the information and documentation provided by Defendants to lenders therein approved the loan.

15.     Defendants executed promissory notes in favor of their initial lender, their successors, transferees, and assigns (collectively hereinafter "LENDER").

16.     The proceeds of the loans, as referenced in the promissory notes, were to be used by Defendants in the purchase or refinance of the properties described therein.  In exchange, Defendants agreed and promised to pay Lender according to the mutually agreed upon terms and conditions more particularly described in the promissory notes.

17.     Lenders fully performed, and Defendants acquired title to the properties.

18.     The promissory notes were duly assigned by the original lender and/or its assignees to Plaintiffs, who is currently the Holder of the promissory notes.

9

19.     Defendants have defaulted on their obligations to re-verify the information contained in their Uniform Residential Loan Application.   Despite Plaintiff's attempts to secure information from Defendants to re-verify the information contained in their loan applications, Defendants have failed and/or refused to comply with Plaintiff's requests.

20.     On or about December 8, 2006, Defendant GREG COLE obtained financing with Loan Number 0106391279-9501 from Argent Mortgage Company, LLC, totaling a principal balance of $98,000.00 to purchase real property located at 20612 Pam Court, Santa Clarita, CA 91350.   Plaintiff is informed, believes, and thereon alleges that Mr. Cole fraudulently misstated his monthly income as $17,804.22 a month on his Uniform Residential Loan Application and concealed his true income.   Plaintiff is the current holder of the mortgage note.   After the loan transaction, Mr. Cole defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

21.     On or about September 18, 2006, Defendant RONALD CLACK obtained financing with Loan Number 11662749 from WMC Mortgage Corporation totaling a principal balance of $129,000.00 to refinance real property located at 31880 Silk Vine Drive, Winchester, CA 92596.   Plaintiff is informed, believes, and thereon alleges that Mr. Clack fraudulently misstated his monthly income as $15,011.00 a month on his Uniform Residential Loan Application and concealed his true income.   Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Clack defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

22.     On or about January 23, 2007, Defendant ISSAC MARTINEZ obtained financing with Loan Number 11824910 from GE Money Bank, F.S.B., totaling a principal balance of $118,000.00 to refinance real property located at 77

Villa Valtelena, Lake Elsinore, CA 92532. Plaintiff is informed, believes, and thereon alleges that Mr. Martinez fraudulently misstated his monthly income as $11,237.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Martinez defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

23.    On or about December 4, 2006, Defendant GERMAN SAMAYOA obtained financing with Loan Number 11766471 from WMC Mortgage Corporation totaling a principal balance of $61,300.00 to purchase real property located at 82948 Corte Lucia, Indio, CA 92201. Plaintiff is informed, believes, and thereon alleges that Mr. Samayoa fraudulently misstated his monthly income as $23,000.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Samayoa defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

24.    On or about August 29, 2006, Defendant CARLOS TURCIOS obtained financing with Loan Number 11672269 from WMC Mortgage Corporation totaling a principal balance of $99,000.00 to purchase real property located at 1501 East 59th Street, Long Beach, CA 90805. Plaintiff is informed, believes, and thereon alleges that Mr. Turcios fraudulently misstated his monthly income as $9200.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Turcios defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

25.     On or about January 3, 2007, Defendant VARIAN SHELTON obtained financing with Loan Number 0106924277-9501 from Argent Mortgage Company, LLC, totaling a principal balance of $89,845.00 to refinance real property located at 18903 Billings Avenue, Carson, CA 90746.    Plaintiff is informed, believes, and thereon alleges that Mr. Shelton fraudulently misstated his monthly income as $13,282.40 a month on his Uniform Residential Loan Application and concealed his true income.   Plaintiff is the current holder of the mortgage note.   After the loan transaction, Mr. Shelton defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

26.     On or about November 22, 2006, Defendant JACINTO AYALA obtained financing with Loan Number 11742074 from United California Systems International, Inc., totaling a principal balance of $52,200.00 to purchase real property located at 818 Maryess Drive, San Bernardino, CA 92410.    Plaintiff is informed, believes, and thereon alleges that Mr. Ayala fraudulently misstated his monthly income as $7,329.02 a month on his Uniform Residential Loan Application and concealed his true income.   Plaintiff is the current holder of the mortgage note.   After the loan transaction, Mr. Ayala defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

27.     On or about December 6, 2006, Defendant MARY JEAN CASTRO obtained financing with Loan Number 0105747034-9502 from Argent Mortgage Company, LLC, totaling a principal balance of $144,000.00 to refinance real property located at 37655 Botanica Place, Murrieta, CA 92562.    Plaintiff is informed, believes, and thereon alleges that Ms. Castro fraudulently misstated her monthly income as $15,650.00 a month on her Uniform Residential Loan Application and concealed her true income.   Plaintiff is the current holder of the

12

mortgage note.  After the loan transaction, Ms. Castro defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

28.     On or about October 9, 2006, Defendant ESPERANZA DOMINGUEZ obtained financing with Loan Number 11703167 from WMC Mortgage Corporation totaling a principal balance of $65,600.00 to purchase real property located at 418 East Rialto Avenue, Rialto, CA 92376.  Plaintiff is informed, believes, and thereon alleges that Ms. Dominguez fraudulently misstated her monthly income as $5,765.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Dominguez defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

29.     On or about December 19, 2006, Defendants PAUL BROWN, JR and SHARON BROWN obtained financing with Loan Number 11798592 from WMC Mortgage Corporation totaling a principal balance of $43,800.00 to purchase real property located at 1400 West Edgehill Road, Unit 61, San Bernardino, CA 92405.  Plaintiff is informed, believes, and thereon alleges that Mr. and Ms. Brown fraudulently misstated their monthly income as $7,000.00 a month on their Uniform Residential Loan Application and concealed their true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. and Ms. Brown defaulted on their payment obligations and their obligation to re-verify the information contained on their Uniform Residential Loan Application.

30.     On or about November 6, 2006, Defendant KAREN MORALES obtained financing from Homecomings Financial, LLC, totaling a principal balance of $43,000.00 to refinance real property located at 2375 North Valencia

Avenue, San Bernardino, CA 92404. Plaintiff is informed, believes, and thereon alleges that Ms. Morales fraudulently misstated her monthly income as $14,300.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Morales defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

31. On or about February 13, 2007, Defendants AMADO HERNANDEZ and NICOL MARINA VILLA obtained financing with Loan Number 11833485 from GE Money Bank, F.S.B., totaling a principal balance of $100,000.00 to refinance real property located at 622 East Joyce Drive, Port Hueneme, CA 93041. Plaintiff is informed, believes, and thereon alleges that Mr. Hernandez and Ms. Villa fraudulently misstated their monthly income as $10,250.00 a month on their Uniform Residential Loan Application and concealed their true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Hernandez and Ms. Villa defaulted on their payment obligations and their obligation to re-verify the information contained on their Uniform Residential Loan Application.

32. On or about December 19, 2006, Defendant SEAN DOYLE obtained financing with Loan Number 11792124 from WMC Mortgage Corporation totaling a principal balance of $180,000.00 to purchase real property located at 280 North Quail Lane, Orange, CA 92869. Plaintiff is informed, believes, and thereon alleges that Mr. Doyle fraudulently misstated his monthly income as $19,500.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Doyle defaulted on his payment obligations and his

obligation to re-verify the information contained on his Uniform Residential Loan Application.

33.     On or about October 30, 2006, Defendant RICARDO AGUILAR obtained financing with Loan Number 11745718 from WMC Mortgage Corporation totaling a principal balance of $81,467.00 to purchase real property located at 11359 Foxdale Drive, Desert Hot Springs, CA 92240.  Plaintiff is informed, believes, and thereon alleges that Mr. Aguilar fraudulently misstated his monthly income as $20,290.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. Aguilar defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

34.     On or about September 27, 2006, Defendant HECTOR HERNANDEZ obtained financing with Loan Number 11708204 from WMC Mortgage Corporation totaling a principal balance of $95,000.00 to purchase real property located at 16340 East Benbow Street, Covina, CA 91722.  Plaintiff is informed, believes, and thereon alleges that Mr. Hernandez fraudulently misstated his monthly income as $12,900.09 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. Hernandez defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

35.     On or about November 27, 2006, Defendant JESSICA GONZALEZ obtained financing with Loan Number 0105188874-9509 from Argent Mortgage Company, LLC, totaling a principal balance of $83,000.00 to refinance real property located at 1947 Carrol Drive, San Jacinto, CA 92583. Plaintiff is informed, believes, and thereon alleges that Ms. Gonzalez fraudulently

misstated her monthly income as $9,428.21 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.   After the loan transaction, Ms. Gonzalez defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

36.     On or about May 4, 2007, Defendant OMAR PERKINS obtained financing from Homecomings Financial, LLC, totaling a principal balance of $31,800.00 to purchase real property located at 1676 West 26th Street, San Bernardino, CA 92407.  Plaintiff is informed, believes, and thereon alleges that Mr. Perkins fraudulently misstated his monthly income as $10,500.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. Perkins defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

37.     On  or  about  February  5,  2007,  Defendant  ALEJANDRO JIMENEZ obtained financing with Loan Number 11835634 from GE Money Bank, F.S.B., totaling a principal balance of $59,998.00 to purchase real property located at 21702 South Hanlon Avenue, Dos Palos, CA 93620.  Plaintiff is informed, believes, and thereon alleges that Mr. Jimenez fraudulently misstated his monthly income as $6,675.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. Jimenez defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

38.     On or about November 3, 2006, Defendant ENDY ARTEAGA obtained financing with Loan Number 0105054357-9502 from Argent Mortgage Company, LLC, totaling a principal balance of $121,000.00 to purchase real

property located at 2828 Eckleson Street, Lakewood, CA 90712. Plaintiff is informed, believes, and thereon alleges that Mr. Arteaga fraudulently misstated his monthly income as $15,930.47 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Arteaga defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

39.     On or about August 1, 2006, Defendant OSCAR VILLATORO obtained financing with Loan Number 95W1013451 from SBMC Mortgage, totaling a principal balance of $111,000.00 to purchase real property located at 7857 Ben Avenue, North Hollywood Area, 91605. Plaintiff is informed, believes, and thereon alleges that Mr. Villatoro fraudulently misstated his monthly income as $10,500.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Villatoro defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

40.     On or about February 7, 2007, Defendant PATRICIA MARTINEZ obtained financing with Loan Number 0108104274 from Argent Mortgage Company, LLC, totaling a principal balance of $107,000.00 to purchase real property located at 8842 Mesa Oak Drive, Riverside, CA 92508. Plaintiff is informed, believes, and thereon alleges that Ms. Martinez fraudulently misstated her monthly income as $14,963.47 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Martinez defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

41.     On or about December 28, 2006, Defendant NORMA MALDONADO obtained financing with Loan Number 0106193592-9504 from Argent Mortgage Company, LLC, totaling a principal balance of $74,300.00 to purchase real property located at 1001 West Stevens Avenue, Santa Ana, CA 92707.  Plaintiff is informed, believes, and thereon alleges that Ms. Maldonado fraudulently misstated her monthly income as $10,892.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Maldonado defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

42.     On or about January 22, 2007, Defendant MARCELINO MONGE ALAS obtained financing with Loan Number 11824615 from GE Money Bank, F.S.B., totaling a principal balance of $76,400.00 to purchase real property located at 8786 Tangelo Avenue, Fontana, CA 92335.  Plaintiff is informed, believes, and thereon alleges that Mr. Alas fraudulently misstated his monthly income as $7,300.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. Alas defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

43.     On or about March 6, 2006, Defendant CARLOS SANTOS obtained financing with Loan Number 0094492634-9502 from Argent Mortgage Company, LLC, totaling a principal balance of $58,000.00 to purchase real property located at 256 East B Street, Colton, CA 92324.  Plaintiff is informed, believes, and thereon alleges that Mr. Santos fraudulently misstated his monthly income as $7,500.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Santos defaulted on his payment obligations and his

obligation to re-verify the information contained on his Uniform Residential Loan Application.

44.     On or about January 12, 2007, Defendant CHRISTINA KUTZER obtained financing with Loan Number 11798174 from GE Money Bank, F.S.B., totaling a principal balance of $272,000.00 to purchase real property located at 909 Oliver Street, South Pasadena, CA 91030.  Plaintiff is informed, believes, and thereon alleges that Ms. Kutzer fraudulently misstated her monthly income as $35,000.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Kutzer defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

45.     On or about January 9, 2007, Defendant FABRICIO ALFARO obtained financing with Loan Number 11816750 from GE Money Bank, F.S.B., totaling a principal balance of $105,000.00 to purchase real property located at 20713 Roseton Avenue, Lakewood, CA 90715.  Plaintiff is informed, believes, and thereon alleges that Mr. Alfaro fraudulently misstated his monthly income as $11,500.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Mr. Alfaro defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

46.     On or about June 27, 2006, Defendant ANA AGUILAR obtained financing with Loan Number 06062054 from Jayco Capital Group totaling a principal balance of $84,000.00 to purchase real property located at 4067 Royce Street, Riverside, CA 92503.  Plaintiff is informed, believes, and thereon alleges that Ms. Aguilar fraudulently misstated her monthly income as $10,100.00 a month on her Uniform Residential Loan Application and concealed her true income.

Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Aguilar defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

47.    On or about January 12, 2007, Defendant MARIA CHACON obtained financing with Loan Number 11813771 from GE Money Bank, F.S.B., totaling a principal balance of $93,000.00 to purchase real property located at 11671 Lambert Avenue, El Monte, CA 91732.  Plaintiff is informed, believes, and thereon alleges that Ms. Chacon fraudulently misstated her monthly income as $7,184.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Chacon defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

48.    On or about July 13, 2006, Defendant MATTHEW ALFANO obtained financing with Loan Number 11600710 from WMC Mortgage Corporation totaling a principal balance of $120,000.00 to purchase real property located at 7337 Ruffner Avenue, Van Nuys, CA 91406.  Plaintiff is informed, believes, and thereon alleges that Mr. Alfano fraudulently misstated his monthly income as $13,000.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Alfano defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

49.    On or about February 1, 2007, Defendant SABINA MENDEZ CHAVARRIA obtained financing with Loan Number 11831760 from GE Money Bank, F.S.B., totaling a principal balance of $71,597.00 to purchase real property located at 271 Shetland Court, San Jacinto, CA 92582.  Plaintiff is informed,

believes, and thereon alleges that Ms. Chavarria fraudulently misstated her monthly income as $7,500.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Chavarria defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

50.     On or about March 8, 2006, Defendant ROSA BARRIOS obtained financing with Loan Number 11470847 from WMC Mortgage Corporation totaling a principal balance of $113,800.00 to purchase real property located at .1205 & 1207 East 78th Street, Los Angeles, CA 90001. Plaintiff is informed, believes, and thereon alleges that Ms. Barrios fraudulently misstated her monthly income as at least $9875.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Barrios defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

51.     On or about October 19, 2006, Defendant BEATRICE RINCON obtained financing with Loan Number 21073297 from Metrocities Mortgage, LLC, totaling a principal balance of $86,400.00 to purchase real property located at 43656 Countryside Drive, Lancaster, CA 93536. Plaintiff is informed, believes, and thereon alleges that Ms. Rincon fraudulently misstated her monthly income as $10,526.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Rincon defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

52.     On or about January 4, 2007, Defendant ALMA FIGUEROA obtained financing with Loan Number 11807881 from GE Money Bank, F.S.B., totaling a principal balance of $70,000.00 to purchase real property located at 6980 Fairfax Drive, San Bernardino, CA 92404.  Plaintiff is informed, believes, and thereon alleges that Ms. Figueroa fraudulently misstated her monthly income as $9,400.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Figueroa defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

53.     On or about December 26, 2006, Defendant FLORIE ANN SANTONIL obtained financing with Loan Number 11794128 from WMC Mortgage Corporation totaling a principal balance of $151,000.00 to purchase real property located at 15157 Riviera Lane, La Miranda, CA 90638.  Plaintiff is informed, believes, and thereon alleges that Ms. Santonil fraudulently misstated her monthly income as $13,800.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Santonil defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

54.     On or about February 1, 2006, Defendant GUADALUPE MORENO obtained financing with Loan Number 4777240167 from Quicken Loans totaling a principal balance of $180,400.00 to secured on real property located at 13144 Carolyn Street, Cerritos, CA 90703.  Plaintiff is informed, believes, and thereon alleges that Ms. Moreno fraudulently misstated her monthly income as $20,000.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.

After the loan transaction, Ms. Moreno defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

55.     On or about October 30, 2006, Defendant ALUTHNUWARA SUMANATISSA obtained financing with Loan Number 1595573 from R.N.B. Inc. d/b/a Cornerstone Mortgage totaling a principal balance of $105,000.00 to purchase real property located at 5664 North Rainbow Blvd, Las Vegas, NV 89130.  Plaintiff is informed, believes, and thereon alleges that this Defendant fraudulently misstated his monthly income as at least $12,000.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note.   After the loan transaction, Mr. Sumanatissa defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

56.     On or about August 24, 2006, Defendant SALATIEL MONTOYA obtained financing with Loan Number 11667991 from WMC Mortgage Corporation totaling a principal balance of $79,980.00 to purchase real property located at 8965 Alabama Street, Riverside, CA 92503.  Plaintiff is informed, believes, and thereon alleges that Mr. Montoya fraudulently misstated his monthly income as $13,250.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Montoya defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

57.     On or about November 10, 2006, Defendant DIONISIO VAZQUEZ obtained financing with Loan Number 11740428 from WMC Mortgage Corporation totaling a principal balance of $78,800.00 to purchase real property located at 446 West Peach Street, Compton, CA 90222.  Plaintiff is

23

informed, believes, and thereon alleges that Mr. Vazquez fraudulently misstated his monthly income as $11,450.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Vazquez defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

     58.    On or about February 9, 2007, Defendants JAVIER LOPEZ and GLORIA CAMPA obtained financing with Loan Number 11842092 from GE Money Bank, F.S.B., totaling a principal balance of $190,000.00 to refinance real property located at 10002 Pangborn Avenue, Downey, CA 90240. Plaintiff is informed, believes, and thereon alleges that Mr. Lopez and Ms. Campa fraudulently misstated their monthly income as $17,000.00 a month on their Uniform Residential Loan Application and concealed their true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Lopez and Ms. Campa defaulted on their payment obligations and their obligation to re-verify the information contained on their Uniform Residential Loan Application.

     59.    On or about March 9, 2007, Defendants PRISCILLA FRANCO and JOHN FRANCO obtained financing with Loan Number 11846211 from GE Money Bank, F.S.B., totaling a principal balance of $160,025.00 to purchase real property located at 19713 Mathilde Lane, Saugus Area, CA 91350. Plaintiff is informed, believes, and thereon alleges that Mr. and Ms. Franco fraudulently misstated their monthly income as $47,914.84 a month on their Uniform Residential Loan Application and concealed their true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. and Ms. Franco defaulted on their payment obligations and their obligation to re-verify the information contained on their Uniform Residential Loan Application.

60.     On or about October 23, 2006, Defendant MIGUEL BAIRES obtained financing with Loan Number 11728554 from WMC Mortgage Corporation totaling a principal balance of $94,000.00 to purchase real property located at 2505 South Rimpau Blvd., Los Angeles, CA 90016.   Plaintiff is informed, believes, and thereon alleges that Mr. Baires fraudulently misstated his monthly income as $9,850.00 a month on his Uniform Residential Loan Application and concealed his true income.   Plaintiff is the current holder of the mortgage note.   After the loan transaction, Mr. Baires defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

61.     On or about February 1, 2007, Defendant VICKIE DAVIS obtained financing with Loan Number 11828361 from GE Money Bank, F.S.B., totaling a principal balance of $108,800.00 to purchase real property located at 3833 West 134th Place, Hawthorne, CA 90250.   Plaintiff is informed, believes, and thereon alleges that Ms. Davis fraudulently misstated her monthly income as $10,450.00 a month on her Uniform Residential Loan Application and concealed her true income.   Plaintiff is the current holder of the mortgage note.   After the loan transaction, Ms. Davis defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

62.     On or about November 21, 2006, Defendants ROBERT MARTIN and AMANDA MARTIN obtained financing with Loan Number 1600600537 from Golden Empire Mortgage, Inc., totaling a principal balance of $53,600.00 to purchase real property located at 6965 Bangor Avenue, Highland, CA 92436. Plaintiff is informed, believes, and thereon alleges that Mr. and Ms. Martin fraudulently misstated their monthly income as $13,512.00 a month on their Uniform Residential Loan Application and concealed their true income.   Plaintiff

is the current holder of the mortgage note. After the loan transaction, Mr. and Ms. Martin defaulted on their payment obligations and their obligation to re-verify the information contained on their Uniform Residential Loan Application.

63.     On or about December 20, 2006, Defendant ELCIDA POLANCO obtained financing with Loan Number 11782183 from WMC Mortgage Corporation totaling a principal balance of $116,000.00 to purchase real property located at 11221 Lull Street, Sun Valley, CA 91352. Plaintiff is informed, believes, and thereon alleges that Ms. Polanco fraudulently misstated her monthly income as $12,500.00 a month on her Uniform Residential Loan Application and concealed her true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Polanco defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

64.     On or about February 16, 2007, Defendant OSCAR RAMIREZ obtained financing with Loan Number 11814665 from GE Money Bank, F.S.B., totaling a principal balance of $42,400.00 to purchase real property located at 13175 Little Morongo Road, Desert Hot Springs, CA 92440. Plaintiff is informed, believes, and thereon alleges that Mr. Ramirez fraudulently misstated his monthly income as $3,748.00 a month on his Uniform Residential Loan Application and concealed his true income. Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Ramirez defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

65.     On or about December 19, 2006, Defendant JENNIFER PARK obtained financing with Loan Number 11787396 from WMC Mortgage Corporation totaling a principal balance of $63,400.00 to purchase real property located at 13601 Brynwood Road, Victorville, CA 92392. Plaintiff is informed,

believes, and thereon alleges that Ms. Park fraudulently misstated her monthly income as $9,500.00 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Park defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

66.     On or about August 1, 2006, Defendant KAEKO SAEKI obtained financing with Loan Number 3000983919 from Aegis Wholesale Corporation totaling a principal balance of $103,750.00 to purchase real property located at 556 St. Claude Place, Jacksonville, FL 32259.  Plaintiff is informed, believes, and thereon alleges that Ms. Saeki fraudulently misstated her monthly income as $35,322.25 a month on her Uniform Residential Loan Application and concealed her true income.  Plaintiff is the current holder of the mortgage note.  After the loan transaction, Ms. Saeki defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

67.     On or about May 18, 2006, Defendant NOEL ABRAHAM obtained financing with Loan Number 11550148 from WMC Mortgage Corporation totaling a principal balance of $150,000.00 to purchase real property located at 1595 Jose Avenue, Camarillo, CA 93010.  Plaintiff is informed, believes, and thereon alleges that Mr. Abraham fraudulently misstated his monthly income as $16,000.00 a month on his Uniform Residential Loan Application and concealed his true income.  Plaintiff is the current holder of the mortgage note. After the loan transaction, Mr. Abraham defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

68.     On or about November 6, 2006, Defendant JENNIFER VALDEZ obtained financing with Loan Number 1503555 from American Home Mortgage totaling a principal balance of $78,150.00 to purchase real property located at 11803 Cactus Flower Avenue, Bakersfield, CA 93311.   Plaintiff is informed, believes, and thereon alleges that Ms. Valdez fraudulently misstated her monthly income as $8,000.00 a month on her Uniform Residential Loan Application and concealed her true income.   Plaintiff is the current holder of the mortgage note. After the loan transaction, Ms. Valdez defaulted on her payment obligations and her obligation to re-verify the information contained on her Uniform Residential Loan Application.

69.     On or about December 11, 2006, Defendant JULIO SANCHEZ obtained financing with Loan Number 11781693 from 12039 Klingerman Street, El Monte, CA 91732 totaling a principal balance of $84,000.00 to purchase real property located at 12039 Klingerman Street, El Monte, CA 91732.   Plaintiff is informed, believes, and thereon alleges that Mr. Sanchez fraudulently misstated his monthly income as $8,182.00 a month on his Uniform Residential Loan Application and concealed his true income.   Plaintiff is the current holder of the mortgage note.   After the loan transaction, Mr. Sanchez defaulted on his payment obligations and his obligation to re-verify the information contained on his Uniform Residential Loan Application.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Breach of Contract against Defendants, allege as follows:

70.     Plaintiff repeats and repleads paragraphs 1 through 69 and incorporates the allegations by reference therein as though set forth below.

71.     As described hereinabove in Paragraphs 20-66, each Defendant entered into loan agreements and executed promissory notes for the purchase or refinance of real property.

72.     As described hereinabove, each Defendant defaulted on their payments and materially breached their agreements to pay back the funds borrowed.

73.     Defendants further materially breached their agreements by refusing to re-verify the information provided on the Uniform Residential Loan Application.

74.     These were material breaches that have caused harm to Plaintiff and Plaintiff's injuries were natural, probable, and foreseeable consequences of Defendants' breaches of contract.

75.     As to each and every Defendant, Plaintiff, as successor in interest of each Lender, seeks specific performance as to the following:

a) Requiring each Defendant to sign a 4506-T Form for release of tax returns by the IRS for the tax year immediately preceding the loan transaction for Defendant, the tax year of the loan transaction for each Defendant, and the tax year immediately after the loan transaction for each Defendant as Defendants agreed to provide pursuant to their Uniform Residential Loan Application.

b) Proof of Primary Residency of the Real Property purchased in each loan transaction by each Defendant, which includes, but not limited to, a cable bill from the time the Defendant allegedly lived in the house as a primary residence.

ALL FOR WHICH PLAINTIFF SEEKS SPECIFIC PERFORMANCE AND OTHER RELIEF AS PRAYED.

Heritage Pacific Financial v. Cole, Et. al.
COMPLAINT

## SECOND CLAIM FOR RELIEF
(Intentional Misrepresentation/Fraud)

COMES NOW PLAINTIFF and for a separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, alleges as follows:

76.     Plaintiff repeats and repleads paragraphs 1 through 75 and incorporates the allegations by reference as though fully set-forth herein.

77.     Each Defendant prepared and submitted a loan application to Lender to secure a loan for the purchase of their real properties.

78.     As alleged in Paragraphs 20-69, Plaintiff is informed, believes, and thereon alleges that Defendants intentionally misstated their employment information, their income, and/or intended use of the real property to be purchased on their loan applications to their Lender, for the purpose of inducing the Lender to provide the loans for the purchase or refinance of each Defendant's real property.

79.     Plaintiff is informed, believes, and thereon alleges that the loans given to Defendants were based on the fraud in the loan application and the promissory notes executed by the Defendants.

80.     At the time of the execution of the loan, each Defendant failed to disclose to Lender that they did not and would not have been able to earn the amount of income as represented on the loan applications.  Thus, the Defendants in each of their loan transactions concealed their true income and ability to pay.

81.     Plaintiff is informed, believes, and thereon alleges that when the each Defendant's loan was approved, the original lender had no reason to know of

the true facts that each Defendant's income was substantially less than the amount falsely stated on their loan application. In addition, when Lender entered into the loan transaction, Defendants made affirmative written representations in the Deed of Trusts that:

"Borrower shall be in default if, during the Loan Application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning the Borrower's occupancy of the Property as Borrower's principal residence."

82.     As described above, Plaintiff is informed, believes, and thereon alleges that these representations, warranties, and covenants were false. Defendants knew that Lender relied on their false representations, warranties, and covenants in executing the loan. On information and belief, Defendants knew that Lender would not have made the loan without such representations, warranties, and covenants.

83.     In reasonable reliance upon the false statements of material fact, each Lender entered into an loan agreement with Defendants and made the loan to and/or for the benefit of Defendants. The loan would not have been approved nor paid had the Lender known the true facts. Had Defendants made all of proper disclosures called for in the loan application to Lender, including the true amount of income, Lenders would not have entered into the loan, nor would it have advanced any funds to Defendants.

84.     Lender's reliance on statements, concealment, and non-disclosures made by Defendants were reasonable and justified because, among other things, on information and believe, Defendants certified the truth of the statements in the loan

application submitted, and Defendants further agreed that "the Lender....may continuously rely on the information contained in the application...."

85.   Lender reasonably and detrimentally relied upon the false statements, concealments, and non-disclosures of material fact caused by the Defendants' wrongful conduct.  Plaintiff, as successor in interest to Lender, has suffered damages to the recently discovered fraud.   Plaintiff seeks damages to each Defendant as per Paragraph 93.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

THIRD CLAIM FOR RELIEF

(Negligent Misrepresentation)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Negligent Misrepresentation against Defendants, alleges as follows:

86.   Plaintiff repeats and repleads paragraphs 1 through 85 and incorporates the allegations by reference therein as though set forth below.

87.   As alleged above, Plaintiff is informed, believes, and thereon alleges that Defendants misstated their income on their Uniform Residential Loan Applications about the material facts relating to their true income, their employment, and/or whether the real property would be used as a primary residence.

88.   Defendants had no reasonable ground to believe the amount of income, employment information, and the intended purpose of the real property to be purchased, would be true.

89.   The false statements made by Defendants were made with the intent to induce the Lender to act on reliance of their representations.

90.     As alleged above, the original lender had justifiable reliance upon the statements of Defendants, especially after the Defendants certified the truthfulness of their statements on the loan application.

91.     As successor in interest to Lender, Defendants' conduct has harmed the Plaintiff.

92.     Because of the harm caused by Defendants, Plaintiff seeks damages for this claim as detailed in Paragraph 93.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## DAMAGES

93.     In total, Plaintiff seeks damages from each Defendant as detailed below:

a.     DEFENDANT GREG COLE for $98,000.00 in general damages, and $196,000.00 in punitive damages, for a total damages amount of $294,000.00.

b.     DEFENDANT RONALD CLACK for $129,000.00 in general damages, and $258,000.00 in punitive damages, for a total damages amount of $387,000.00.

c.     DEFENDANT ISSAC MARTINEZ for $118,000.00 in general damages, and $236,000.00 in punitive damages, for a total damages amount of $354,000.00.

d.     DEFENDANT GERMAN SAMAYOA for $61,300.00 in general damages, and $122,600.00 in punitive damages, for a total damages amount of $183,900.00.

e.     DEFENDANT CARLOS TURCIOS for $99,000.00 in general damages, and $198,000.00 in punitive damages, for a total damages amount of $297,000.00.

f.   DEFENDANT VARIAN SHELTON for $89,845.00 in general damages, and $179,690.00 in punitive damages, for a total damages amount of $269,535.00.

g.   DEFENDANT JACINTO AYALA for $52,200.00 in general damages, and $104,400.00 in punitive damages, for a total damages amount of $156,600.00.

h.   DEFENDANT MARY JEAN CASTRO for $144,000.00 in general damages, and $288,000.00 in punitive damages, for a total damages amount of $432,000.00.

i.   DEFENDANT ESPERANZA DOMINGUEZ for $65,600.00 in general damages, and $131,200.00 in punitive damages, for a total damages amount of $196,800.00.

j.   DEFENDANTS PAUL BROWN JR. and SHARON BROWN, jointly and separately, for $43,800.00 in general damages, and $87,600.00 in punitive damages, for a total damages amount of $131,400.00.

k.   DEFENDANT KAREN MORALES for $43,000.00 in general damages, and $86,000.00 in punitive damages, for a total damages amount of $129,000.00.

l.   DEFENDANTS AMADO HERNANDEZ and NICOL MARINA VILLA, jointly and separately, for $100,000.00 in general damages, and $200,000.00 in punitive damages, for a total damages amount of $300,000.00.

m.   DEFENDANT SEAN DOYLE for $180,000.00 in general damages, and $360,000.00 in punitive damages, for a total damages amount of $540,000.00.

n.   DEFENDANT RICARDO AGUILAR for $81,467.00 in general damages, and $162,934.00 in punitive damages, for a total damages amount of $244,401.00.

34

o.    DEFENDANT HECTOR HERNANDEZ for $95,000.00 in general damages, and $190,000.00 in punitive damages, for a total damages amount of $285,000.00.

p.    DEFENDANT JESSICA GONZALEZ for $83,000.00 in general damages, and $166,000.00 in punitive damages, for a total damages amount of $249,000.00.

q.    DEFENDANT OMAR PERKINS for $31,800.00 in general damages, and $63,600.00 in punitive damages, for a total damages amount of $95,400.00.

r.    DEFENDANT ALEJANDRO JIMENEZ for $59,998.00 in general damages, and $119,996.00 in punitive damages, for a total damages amount of $179,994.00.

s.    DEFENDANT ENDY ARTEAGA for $121,000.00 in general damages, and $242,000.00 in punitive damages, for a total damages amount of $363,000.00.

t.    DEFENDANT OSCAR VILLATORO for $111,000.00 in general damages, and $222,000.00 in punitive damages, for a total damages amount of $333,000.00.

u.    DEFENDANT PATRICIA MARTINEZ for $107,000.00 in general damages, and $214,000.00 in punitive damages, for a total damages amount of $321,000.00.

v.    DEFENDANT NORMA MALDONADO for $74,300.00 in general damages, and $148,600.00 in punitive damages, for a total damages amount of $222,900.00.

w.    DEFENDANT MARCELINO MONGE ALAS for $76,400.00 in general damages, and $152,800.00 in punitive damages, for a total damages amount of $229,200.00.

x.     DEFENDANT CARLOS SANTOS for $58,000.00 in general damages, and $116,000.00 in punitive damages, for a total damages amount of $174,000.00.

y.     DEFENDANT CHRISTINA KUTZER for $272,000.00 in general damages, and $544,000.00 in punitive damages, for a total damages award of $816,000.00.

z.     DEFENDANT FABRICIO ALFARO for $105,000.00 in general damages, and $210,000.00 in punitive damages, for a total damages award of $315,000.00.

aa.     DEFENDANT ANA AGUILAR for $84,000.00 in general damages, and $168,000.00 in punitive damages, for a total damages award of $252,000.00.

bb.     DEFENDANT MARIA CHACON for $93,000.00 in general damages, and $186,000.00 in punitive damages, for a total damages amount of $279,000.00.

cc.     DEFENDANT MATTHEW ALFANO for $120,000.00 in general damages, and $240,000.00 in punitive damages, for a total damages amount of $360,000.00.

dd.     DEFENDANT SABINA MENDEZ CHAVARRIA for $71,597.00 in general damages, and $143,194.00 in punitive damages, for a total damages award of $214,791.00.

ee.     DEFENDANT ROSA BARRIOS for $113,800.00 in general damages, and $227,600.00 in punitive damages, for a total damages amount of $341,400.00.

ff.     DEFENDANT BEATRICE RINCON for $86,400.00 in general damages, and $172,800.00 in punitive damages, for a total damages amount of $259,200.00.

gg.     DEFENDANT ALMA FIGUEROA for $70,000.00 in general damages, and $140,000.00 in punitive damages, for a total damages amount of $210,000.00.

hh.     DEFEDANT FLORIE ANN SANTONIL for $151,000.00 in general damages, and $302,000.00 in punitive damages, for a total damages amount of $453,000.00.

ii.     DEFENDANT GUADALUPLE MORENO for $180,400.00 in general damages, and $360,800.00 in punitive damages, for a total damages award of $541,200.00.

jj.     DEFENDANT ALUTHNUWARA SUMANATHISSA for $105,000.00 in general damages, and $210,000.00 in punitive damages, for a total damages award of $315,000.00.

kk.     DEFENDANT SALATIEL MONTOYA for $79,980.00 in general damages, and $159,960.00 in punitive damages, for a total damages amount of $239,940.00.

ll.     DEFENDANT DIONISIO VAZQUEZ for $78,800.00 in general damages, and $157,600.00 in punitive damages, for a total damages amount of $236,400.00.

mm.     DEFENDANTS JAVIER LOPEZ and GLORIA CAMPA, jointly and separately, for $190,000.00 in general damages, and $380,000.00 in punitive damages, for a total damages award of $570,000.00.

nn.     DEFENDANTS PRISCILLA FRANCO and JOHN FRANCO, jointly and separately, for $160,025.00 in general damages, and $320,050.00 in punitive damages, for a total damages amount of $480,075.00.

oo.     DEFENDANT MIGUEL BAIRES for $94,000.00 in general damages, and $188,000.00 in punitive damages, for a total damages amount of $282,000.00.

pp.     DEFENDANT VICKIE DAVIS for $108,800 in general damages, and $217,600.00 in punitive damages, for a total damages amount of $326,400.00.

qq.     DEFENDANTS ROBERT MARTIN and AMANDA MARTIN for $53,600.00 in general damages, and $107,200.00 in punitive damages, for a total damages amount of $160,800.00.

rr.     DEFENDANT ELCIDA POLANCO for $116,000.00 in general damages, and $232,000.00 in punitive damages, for a total damages amount of $348,000.00.

ss.     DEFENDANT OSCAR RAMIREZ for $42,400.00 in general damages, and $84,800.00 in punitive damages, for a total damages amount of $127,200.00.

tt.     DEFENDANT JENNIFER PARK for $63,400.00 in general damages, and $126,800.00 in punitive damages, for a total damages amount of $190,200.00

uu.     DEFENDANT KAEKO SAEKI for $103,750.00 in general damages, and $207,500.00 in punitive damages, for a total damages amount of $311,250.00.

vv.     DEFENDANT NOEL ABRAHAM for $150,000.00 in general damages, and $300,000.00 in punitive damages, for a total damages amount of $450,000.00.

ww.     DEFENDANT JENNIFER VALDEZ for $78,150.00 in general damages, and $156,300.00 in punitive damages, for a total damages award of $234,450.00.

xx.     DEFENDANT JULIO SANCHEZ for $84,000.00 in general damages, and $168,000.00 in punitive damages, for a total damages amount of $252,000.00.

## PRAYER FOR RELIEF

38

94.     WHEREFORE, Plaintiff asks that the Defendants be cited to appear and answer and that the Plaintiff be awarded damages, attorney's fees if applicable, and any and all other relief.


DATED: January 20, 2010                    JUSTIN RYAN


                                  By: /s/ _Justin Ryan_
                                  Justin Ryan
                                  The Law Office of Justin T. Ryan
                                  Attorney for Plaintiff

Heritage Pacific Financial v. Cole, Et. al.
COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 394 PSG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Justin T. Ryan
Law Office of Justin T. Ryan
2534 State Street, Suite 404
San Diego, CA 92101

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company,<br><br>PLAINTIFF(S)<br><br>v.<br><br>GREG COLE; RONALD CLACK; ISSAC MARTINEZ; GERMAN SAMAYOA; CARLOS TURCIOS; VARIAN SHELTON; JACINTO AYALA; MARY JEAN CASTRO; (see attached)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 0394 PSG (JEMx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Justin T. Ryan _____, whose address is 2534 State Street, Suite 404, San Diego, CA 92101 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 01/20/2010 _____

By: CHRISTOPHER POWERS _____

Deputy Clerk

SEAL

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

ESPERANZA DOMINGUEZ; PAUL BROWN, JR; SHARON BROWN;
KAREN MORALES; AMADO HERNANDEZ; NICOL MARINA VILLA;
SEAN DOYLE;  RICARDO AGUILAR; HECTOR HERNANDEZ;
JESSICA GONZALEZ; OMAR PERKINS; ALEJANDRO JIMENEZ;
ENDY ARTEAGA; OSCAR VILLATORO; PATRICIA MARTINEZ;
NORMA MALDONADO; MARCELINO MONGE ALAS; CARLOS
SANTOS; CHRISTINA KUTZER; FABRICIO ALFARO; ANA
AGUILAR; MARIA CHACON; MATTHEW ALFANO; SABINA
MENDEZ CHAVARRIA; ROSA BARRIOS; BEATRICE RINCON;
ALMA FIGUEROA; FLORIE ANN SANTONIL; GUADLUPLE
MORENO; ALUTHNUWARA SUMANATISSA; SALATIEL
MONTOYA; DIONISIO VAZQUEZ; JAVIER LOPEZ; GLORIA CAMPA;
PRISCILLA FRANCO; JOHN FRANCO; MIGUEL BAIRES; VICKIE
DAVIS; ROBERT MARTIN; AMANDA MARTIN; ELCIDA POLANCO;
OSCAR RAMIREZ; JENNIFER PARK; KAEKO SAEKI; NOEL
ABRAHAM; JENNIFER VALDEZ; JULIO SANCHEZ

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company,

**DEFENDANTS**

GREG COLE, et. al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Office of Justin T. Ryan
2534 State Stret, Suite 404
San Diego, CA 92101
(619) 822-2533

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☑ 290 All Other Real Property | | | | |

**CV10  0394**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| . | Texas |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange, Ventura, Los Angeles, Riverside, San Bernardino | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange, Ventura, Los Angeles, Riverside, San Bernardino | Florida, Nevada |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Just Ry_   Date _1/20/2010_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |