```
The Law Office of Justin Ryan
Justin Ryan, Esq. CSB # 261672
2534 State Street, Suite 404
San Diego, CA 92101
(619) 822-2533
(619) 923-2543 e-fax.

Attorney for Plaintiff
HERITAGE   PACIFIC   FINANCIAL, LLC d/b/a HERITAGE PACIFIC
FINANCIAL
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>GREG COLE; RONALD CLACK; ISSAC MARTINEZ; GERMAN SAMAYOA; CARLOS TURCIOS; VARIAN SHELTON; JACINTO AYALA; MARY JEAN CASTRO; ESPERANZA DOMINGUEZ; PAUL BROWN, JR.; SHARON BROWN; KAREN MORALES; AMADO HERNANDEZ; NICOL MARINA VILLA; SEAN DOYLE; RICARDO AGUILAR; HECTOR HERNANDEZ; JESSICA GONZALEZ; OMAR PERKINS; ALEJANDRO JIMENEZ; ENDY ARTEAGA; OSCAR VILLATORO; PATRICIA MARTINEZ; NORMA MALDONADO; ARCELINO | Case No. CV10-0394-PSG (JEMx)<br><br>REPONSE TO ORDER TO SHOW CAUSE AND REQUEST TO DISCHARGE THE COURT'S ORDER TO SHOW CAUSE |

1

Heritage Pacific Financial v. Cole, Et. al.
REPONSE TO ORDER TO SHOW CAUSE AND REQUEST TO DISCHARGE ORDER TO SHOW CAUSE

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17 | MONGE ALAS; CARLOS SANTOS; CHRISTINA KUTZER; FABRICIO ALFARO; ANA AGUILAR; MARIA CHACON; MATTHEW ALFANO; SABINA MENDEZ CHAVARRIA; ROSA BARRIOS; BEATRICE RINCON; ALMA FIGUEROA; FLORIE ANN SANTONIL; GUADALUPE MORENO; ALUTHNUWARA SAMANATISSA; SALATIEL MONTOYA; DIONISIO VAZQUEZ; JAVIER LOPEZ; GLORIA CAMPA; PRISCILLA FRANCO; JOHN FRANCO; MIGUEL BAIRES; VICKIE DAVIS; ROBERT MARTIN; AMANDA MARTIN; ELCIDA POLANCO; OSCAR RAMIREZ; JENNIFER PARK; KAEKO SAEKI; NOEL ABRAHAM; JENNIFER VALDEZ; AND JULIO SANCHEZ,<br><br>                    Defendants. |

COMES NOW, PLAINTIFF HERITAGE PACIFIC FINANCIAL, LLC d/b/a HERITAGE PACIFIC FINANCIAL, who files its Response to the Order to Show Cause and Request to Discharge the Court's Order to Show Cause in response to the Order to Show Cause issued by the Honorable Philip S. Gutierrez on March 9, 2010.  The Plaintiff requests that the Order to Show Cause be discharged as there is sufficient subject matter jurisdiction and proper joiner of the Defendants.

## STATEMENT OF FACTS

2

Heritage Pacific Financial, LLC d/b/a Heritage Pacific Financial (hereinafter "Plaintiff") filed this lawsuit on January 20, 2010 against numerous Defendants alleging breach of contract, intentional misrepresentation, and negligent misrepresentation.  In the series of transactions, each Defendant fraudulently misstated their income on their Uniform Loan Applications, or 1003 forms (hereinafter "Loan Applications"), when they applied for mortgage loans for the purchase or refinance of real property in the State of California.  Plaintiff is the successor in interest and current owner of the mortgage loans at issue in this litigation.

## ARGUMENTS

### I.  THE COURT HAS DIVERSITY JURISDCITION TO ADDRESS THIS LITIGATION.

**A.  Plaintiff is a Texas Citizen.**

A limited liability company is a citizen of 1) a state under whose laws it is organized or incorporated; and 2) the state of its principal place of business.  28 U.S.C. § 1332(c)(1).

In the Ninth Circuit, two tests are used to determine a limited liability company's place of business.  Under the "place of operations" test, a limited liability company's "place of operations" is the state containing a "substantial predominance" of corporate operations.  See Davis v. HSBC Bank Nevada, et. al., 557 F.3d 1026, 1028 (9th Cir. 2009) (*citing* Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001).  If no state meets this test, the nerve center test applies, which analyzes where the majority of the companies executive and administrative functions are performed.  Id.

Plaintiff is the successor in interest and the owner of the loans at issue in this litigation.  Plaintiff has no employees, staff, or facilities in California, and each of Plaintiff's members is a citizen of the State of Texas.  Plaintiff's office is based in

3

Heritage Pacific Financial v. Cole, Et. al.
REPONSE TO ORDER TO SHOW CAUSE AND REQUEST TO DISCHARGE ORDER TO SHOW CAUSE

Dallas, Texas where all decisions affecting the company and its policies are made. As a result, Plaintiff is a citizen of the State of Texas.

### B. Plaintiff has Sufficiently Pled Above the Amount in Controversy

Diversity citizenship is proper when the Plaintiff is alleging over $75,000 in damages. 28 U.S.C. § 1331. Plaintiff's primary claim is for Intentional Misrepresentation, whereupon Plaintiff is seeking over a combined $75,000 in actual damages and punitive damages against each Defendant, as more particularly described in paragraphs 1 and 93 of Plaintiff's original *Complaint for Damages, Specific Performance, and Other Equitable Relief*, which is incorporated herein by reference. Thus, Plaintiff has sufficiently pled to fulfill the amount in controversy requirement.

### C. Conclusion

Based on the above, this Honorable Court has subject matter jurisdiction over this litigation (1) because diversity of citizenship exists among the parties as Plaintiff is a Texas citizen, and (2) because Plaintiff is seeking over $75,000.00 against each Defendant.

## II. The Defendants Are Properly Joined Under Rule 20

Defendants may be joined permissively if 1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and 2) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20 (A)(2). The "transactions or occurrences" requirement is satisfied if there is some connection or logical relationship between the various transactions or occurrences. See Mymail, Ltd. V. Am. Online, Inc. (2004, E.D. Tex.) 223 F.R.D. 455, patent interpreted (2005, E.D. Tex) 2005 U.S. Dist. LEXIS 40716.

### Series of Transactions or Occurrences

There is a "connection and logical relationship" among the various transactions at issue in this litigation that is sufficient to comport to with the "same

4

Heritage Pacific Financial v. Cole, Et. al.
REPONSE TO ORDER TO SHOW CAUSE AND REQUEST TO DISCHARGE ORDER TO SHOW CAUSE

transaction, occurrence, or series of transactions or occurrences" standard because the fact patterns in each case are identical. Specifically, Plaintiff is the successor in interest and the owner of the loans at issue in this litigation. The fraud committed by each and every Defendant occurred as a series of the same identical form of transaction or occurrence in which each and every Defendant fraudulently misstated their income, work history and/or intended use of the property on their Loan Applications. In reasonable reliance on Defendants' statements, which the original lenders had no reason to know were false, said lenders approved and funded the loans at the more favorable interest rate assessed to loans for primary residences.

The only facts not common among Defendants are the names of the original lenders, their respective loan amounts, the terms and conditions of each loan, and the dates on which these loans were procured. As Plaintiff sues Defendants based on their fraudulent conduct, and not as to the terms and conditions of the loan itself, the issues not common amongst Defendants are immaterial in this case, save and except for the principal amounts of the loans, which Plaintiff alleges is the actual amount of damages suffered by Plaintiff for Defendants' fraudulent conduct. All other facts and circumstances to be proven by Plaintiff in this case are identical such that there is a "connection and logical relationship" among the various transactions at issue in this litigation that is sufficient to comport with the "same transaction, occurrence, or series of transactions or occurrences" standard.

## Common Question of Facts and Law

Furthermore, because there is a common pattern of facts as to each Defendant, as more particularly described above, there is also a common area of law. Plaintiff alleges intentional misrepresentation, negligent misrepresentation, and breach of contract against each Defendant. Each of these causes of action are asserted against each Defendant based upon a common pattern of facts, being that each Defendant misstated their income, employment history, and/or intended use

5

Heritage Pacific Financial v. Cole, Et. al.
REPONSE TO ORDER TO SHOW CAUSE AND REQUEST TO DISCHARGE ORDER TO SHOW CAUSE

of the property in order to obtain loans for the purchase or refinance of real property. As such, the fact pattern, as well as the law supporting each claim against each Defendant, shall also be the same.

In conclusion, the Defendants are properly joined under Rule 20(A)(2). Moreover, and in the interest of judicial economy and efficiency, the joiner of these Defendants in this suit is proper.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff hereby requests that this Honorable Court discharge the Order to Show Cause, because this Court has subject matter jurisdiction over this case, and because the Defendants are properly joined under Rule 20(A)(2).

DATED: March 23, 2010.                JUSTIN RYAN


                                      By: /s/ Justin Ryan_____
                                          Justin Ryan
                                          The Law Office of Justin T. Ryan
                                          Attorney for Plaintiff

6

Heritage Pacific Financial v. Cole, Et. al.
REPONSE TO ORDER TO SHOW CAUSE AND REQUEST TO DISCHARGE ORDER TO SHOW CAUSE

## PROOF OF SERVICE

I am over eighteen years old and not a party to this litigation. My business address is 2534 State Street, Suite 404, San Diego, CA 92101. On March 23, 2010, I certify that a true and correct copy of this foregoing "RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST TO DISCHARGE ORDER TO SHOW CAUSE" was served upon all parties who have answered or pled in this litigation through the Central District of California's e-filing system.

I certify and declare the above to be true under penalty of perjury and that this proof of service is dated March 23, 2010 at San Diego, California.

By: /s/ Justin Ryan
Justin Ryan
The Law Office of Justin T. Ryan
Attorney for Plaintiff

7

Heritage Pacific Financial v. Cole, Et. al.
REPONSE TO ORDER TO SHOW CAUSE AND REQUEST TO DISCHARGE ORDER TO SHOW CAUSE