O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53 /
June 14th hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 10-0394 PSG (JEMx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | Heritage Pacific Financial, LLC v. Greg Cole *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Dismissing Defendants

Pending before the Court is Plaintiff's response to the Court's Order to Show Cause ("OSC") why the case should not be dismissed for lack of subject matter jurisdiction. Additionally, the OSC requested briefing on the issue of joinder. After considering Plaintiff's response, the Court DISMISSES all Defendants with the exception of Hector Hernandez.

I.     Background

On January 20, 2010, Plaintiff Heritage Pacific Financial, LLC ("Plaintiff")[1] sued Defendants Greg Cole and fifty-four other Defendant mortgagors (collectively, "Defendants"),[2] alleging breach of contract, intentional misrepresentation, and negligent misrepresentation in connection with each Defendant's mortgage. Plaintiff claims that each Defendant provided false information on each of their respective loan applications. *See Compl.* ¶ 12. On March 8, 2010, the Court issued an OSC why the case should not be dismissed for lack of subject matter jurisdiction, including a request for briefing on the issue of joinder. *See* Dkt #44. On March 23, 2010, Plaintiff filed a response to the OSC, claiming that joinder of Defendants is proper

---

[1] Plaintiff is the assignee of the promissory notes at issue. *See Compl.* at ¶ 18.

[2] Plaintiff has voluntarily dismissed its claims against twenty-eight of the Defendants since the commencement of the action. *See* Dkt # 43, 51.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#53 /
June 14th hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0394 PSG (JEMx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | Heritage Pacific Financial, LLC v. Greg Cole *et al.* | | |

because its claims against the Defendants arise out of the same transaction or occurrence and involve a common question of law or fact. *See Pls. Resp*. 4:27-5:21, 5:23-6:6.

II.  Legal Standard

Federal Rule of Civil Procedure 20 provides that defendants may be joined if (1) any right to relief asserted against them relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2); *Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). Thus, Rule 20 permits the joinder of multiple defendants only if two requirements are satisfied: transactional relatedness and commonality. Upon a finding of improper joinder, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

III.  Discussion

Plaintiff has improperly joined Defendants because their individual loan transactions were not transactionally-related or otherwise connected by a conspiracy claim. As a consequence, the Court drops all Defendants but Defendant Hector Hernandez.

A.  Transactional Relatedness

The Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of occurrences" to require a degree of factual commonality underlying the claims. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Proper joinder under Rule 20 requires that the "parties must assert rights, or have rights asserted against them, that arise from *related activities*—a transaction or an occurrence or a series thereof." *Coal. for a Sustainable Delta v. U.S. Fish & Wildlife Serv.*, No. 09-0480, 2009 WL 3857417, at *2 (E.D. Cal. Nov. 17, 2009) (citation omitted) (emphasis added). The determination as to whether the claims arise out of the same transaction or occurrence is a fact intensive inquiry and is determined on a case by case basis. *See id.*

That claims against several defendants may involve a common question of law or fact does not entail that they are transactionally-related. *See Coughlin*, 130 F.3d at 1350-1351

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53 /
June 14th hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0394 PSG (JEMx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | Heritage Pacific Financial, LLC v. Greg Cole *et al.* | | |

(holding that individual plaintiffs' parallel allegations of defendant's delay in processing immigration applications did not satisfy the same transaction or occurrence requirement); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) (finding that plaintiff's claims did not arise out of the same transaction or occurrence where unrelated defendants were alleged to have independently infringed plaintiff's trademark); *Nassau County Ass'n of Ins. Agents v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974) (finding that, absent a conspiracy allegation, the same transaction or occurrence requirement was not satisfied where the one hundred sixty-four defendants acted independently and at different times).

For example, in *DirecTV v. Loussaert*, 218 F.R.D. 639, 641-44 (S.D. Iowa 2003), DirecTV, a satellite television service provider, sued seven defendants who allegedly purchased illegal access devices. DirecTV submitted that its claims against the defendants arose out of the same transaction or occurrence because the factual backgrounds of the claims were similar—they occurred roughly at the same time, involved a single distribution center, and each defendant intended to illegally intercept the same satellite signal. *See id.* at 642. The court disagreed, however, and found that the defendants' alleged purchase and use of the piracy access device were not related. *See id.* at 643. As no defendant was alleged to have known of the other defendants' transactions or illegal purposes, "each transaction represents a separate and independent act." *See id.*

In the present case, Plaintiff claims that the alleged "fraud committed by each and every Defendant occurred as a series of the same identical form or transaction in which each and every Defendant fraudulently misstated their income, work history, and/or intended use of the property on their Loan Applications," and that "the fact patterns in each case are identical." *Pls. Resp.* at 5:1-7. The Court disagrees. Though they may share common legal and factual issues, Plaintiff's allegations against the Defendants rest upon distinct and independent sets of facts. *See DirecTV v. Collins*, 244 F.R.D. 408, 410-411 (S.D. Ohio 2004). The fact that Plaintiff is now the sole holder of the Defendants' promissory notes does not establish sufficient relatedness among the transactions. The Complaint alleges that each Defendant acted individually and executed loan agreements with different lenders on different dates spanning a two year period. The fact that each Defendant allegedly made similar fraudulent statements in their respective loan applications is immaterial because Plaintiff does not allege that Defendants conspired together or acted in concert. Therefore, the Court finds that joinder is not proper under Rule 20. As the Court

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#53 /
June 14th hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0394 PSG (JEMx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | Heritage Pacific Financial, LLC v. Greg Cole *et al.* | | |

determines that the claims do not arise out of the same transaction or occurrence, it is not necessary to determine whether claims the involve a common question of law or fact.

  B.  Consequence of Misjoinder

  Federal Rule of Civil Procedure Rule 21 governs the misjoinder of parties and permits the court "[o]n motion or on its own . . . at any time, on just terms, [to] add or drop a party[, or] also sever any claim against a party." Fed. R. Civ. P. 21. Rule 21 grants the court considerable discretion in determining whether to add or drop a party, or to sever a claim against a party. *See Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *see also* 4 *Moore's Federal Practice*, § 21.02[4] (Matthew Bender 3d ed. 2009). An accepted practice under Rule 21 is to dismiss the parties that have been improperly joined. *See Coughlin*, 130 F.3d at 1350; *see also Coal. for a Sustainable Delta*, 2009 WL 3857417, at *8. Dropping a defendant for improper joinder operates as a dismissal without prejudice. *See Harris v. Lappin*, No. 06-0664, 2009 WL 789756, at *7 (C.D. Cal. 2009). In this case, Plaintiff has joined twenty-six remaining defendants, each of whom acted individually, on different dates, and entered into different loan agreements with different lenders. Accordingly, the Court dismisses all Defendants, with the sole exception of Hector Hernandez.

III.  Conclusion

  For the foregoing reasons, the Court DISMISES all Defendants but Hector Hernandez without prejudice.

  **IT IS SO ORDERED.**