O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0394 PSG (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | Heritage Pacific Financial, LLC v. Greg Cole *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | | Not Present | n/a |
| Deputy Clerk | | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

             Not Present                                            Not Present

**Proceedings:**     **(In Chambers) Order Dismissing Case**

     Pending before the Court is Plaintiff's response to the Court's March 8, 2010 Order to Show Cause ("OSC") why the case should not be dismissed for lack of subject matter jurisdiction. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering Plaintiff's response to the OSC, the Court DISMISSES the action without prejudice.

I.    Background

     On January 20, 2010, Plaintiff filed a complaint, alleging that it is a citizen of Texas. *See Compl.* ¶ 2 ("Plaintiff . . . is a limited liability company organized under the laws of the State of Texas with its principal balance of business in Dallas County, Texas."). On March 8, 2010, the Court issued an OSC, requiring further briefing on Plaintiff's citizenship:

> Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. A partnership, limited liability company, or other unincorporated association is joined as a party. The Court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *United Steelworkers v. Bouligny, Inc.,* 382 U.S. 145 (1965); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group,* 823 F.2d 302 (9th Cir. 1987).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0394 PSG (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | Heritage Pacific Financial, LLC v. Greg Cole *et al.* | | |

Dkt. #44, at 1-2. On March 23, 2010, Plaintiff filed a response to the OSC.

II.     Legal Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *see also A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). The lack of subject matter jurisdiction may be raised at any time, and the court is obligated to address the issue *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party asserting subject matter jurisdiction has the burden of proving its existence. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988).

III.    Discussion

In its response to the Court's OSC, Plaintiff claims that a limited liability is a citizen of its state of organization and the state of its principal place of business. *See Respons*e 3:14-16 (citing 28 U.S.C. § 1332(c)(1)). That provision, however, pertains only to corporations. *See* Fed. R. Civ. P. 1332(c)(1) ("[A] *corporation* shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . . ." (emphasis added)). The standard relied upon by Plaintiff governs the citizenship of limited liability companies in the context of class actions brought pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *Sylver v. Titan Digital Media Ventures, LLC*, No. 09-3013, 2009 WL 1616118, at *2 n.1 (C.D. Cal. June 8, 2009) (noting that 28 U.S.C. § 1332(d)(10) is limited to CAFA diversity cases and that the unincorporated plaintiff was required to allege the citizenship of each of its members); *see also Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (noting that the case was removed pursuant to CAFA). Plaintiff's case, however, was not brought under CAFA. *See Compl.* ¶ 1.

The Ninth Circuit's standard governing the citizenship of limited liability companies in non-CAFA diversity actions is clear: "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. As Plaintiff fails to provide information concerning the citizenship of the members of Heritage Pacific Financial, LLC, the Court finds that Plaintiff's allegations of its own citizenship and its response to the OSC are inadequate. Accordingly, the Court DISMISSES the action without prejudice.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0394 PSG (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | Heritage Pacific Financial, LLC v. Greg Cole *et al.* | | |

**IT IS SO ORDERED.**